1  Ahren A. Tiller Esq. [SBN: 250608]
   BLC Law Center, APC
2  1230 Columbia St., Ste 1100
   San Diego, CA 92101
3  Phone (619) 894-8831
   Facsimile: (866) 444-7026
4  Email: Ahren.Tiller@blc-sd.com

5  Attorneys for Plaintiff
   AARON GAINES

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GAINES,<br><br>          Plaintiff,<br><br>     vs.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC. d/b/a/ NATIONAL ENTERPRISE SYSTEMS, and BANK OF AMERICA, N.A.<br><br>          Defendants, | Case No.: '21CV1870 MMAAGS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**(1) THE FDCPA (15 U.S.C. § 1692 *ET. SEQ.*)**<br><br>**(2) THE RFDCPA (CAL CIV. C. § 1788 *ET. SEQ.***<br><br>**(3) THE TCPA (47 U.S.C. § 227 *ET. SEQ.*)**<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR DAMAGES

### INTRODUCTION

1. AARON GAINES (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against NATIONAL ENTERPRISE SYSTEMS, INC. d/b/a/ NATIONAL ENTERPRISE SYSTEMS (hereinafter referred to as "NES"), and BANK OF AMERICA, N.A (hereinafter as "BANA") (hereinafter collectively referred to as "Defendants"), pertaining to actions by Defendants to unlawfully collect a debt allegedly owed by Plaintiff, including but

not limited to collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. C. §§ 1788-1788.32 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[2] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a

---

[1] 15 U.S.C. § 1692(a)-(e)
[2] CA Civil Code §§ 1788.1(a)-(b)

- 2 -
AARON GAINES vs. NATIONAL ENTERPRISE SYSTEMS, INC. et. al. - Complaint for Damages

consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

7. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

**JURISDICTION AND VENUE**

8. This action is based on Defendants' violations of the FDCPA, RFDCPA, and TCPA.

9. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under both the FDCPA and TCPA.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

**PARTIES**

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

15. Defendant BANA is a National Banking Association. Defendant BANA operates as a bank, which provides products and services including savings accounts, loans, mortgages, investment funds, credit and debit cards, insurance, electronic

banking, capital markets and advisory, and private banking. Defendant BANA serves customers worldwide, throughout the State of California, including this District. Defendant BANA regularly conducts business in this District, including via online banking accessibility. Defendant's corporate headquarters is in Charlotte, NC.

16. Defendant BANA regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

17. When individuals owe Defendant BANA debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant BANA collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, Defendant BANA is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Defendant BANA is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

19. Defendant NES is an Ohio Corporation whose primary business is the collection of debts on behalf of its clients. Defendant NES's headquarters is in Solon, OH.

20. Defendant NES regularly attempts to collect using the mail, electronic communications, and the telephone, "consumer debts" allegedly owed to its clients, as that term is defined by Cal. Civ. Code §1788.2(f).

21. When individuals owe its clients debts for consumer loans and credit cards, and other similar obligations, Defendant NES collects on behalf of its clients for those consumer debts through use of the mail, electronic communication, and telephone. Therefore, Defendant NES is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

22. Defendant NES regularly collects, or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another. For example, when alleged debts owed to Defendant BANA are delinquent, Defendant NES is regularly employed to seek to collect on those delinquent debts through the mail, telephone, the Courts, and other means. Defendant NES is therefore a "debt collector" as that phrase is defined by 15 U.S.C. §1692(a)(6).

23. Defendant NES is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

24. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

25. At all times relevant hereto, Defendant NES used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

26. This case involves money, property, or their equivalent, due, or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

27. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

28. On or about December of 2004, Plaintiff was issued a credit card by Defendant BANA (hereinafter the "Credit Account"). The Credit Account was issued, serviced, and originally collected upon by Defendant BANA.

29. Plaintiff made payments toward his BANA Credit Account when he took it out and maintained good standing for over fourteen (14) years. In July of 2019, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments to his BANA Credit Account.

30. After approximately six (6) months of being in default, Defendant BANA retained Defendant NES to collect on the Credit Account.

31. Defendant NES acted as Defendant BANA's authorized agent for the express purpose of debt collection. All acts in furtherance of collecting on the Credit Account were within the scope of that agency relationship.

32. On or about February of 2020, Defendant NES began calling Plaintiff to collect on the Credit Account repeatedly, often 2-3 times per day, nearly every day, and often using an Automated Telephone Dialing System ("ATDS") and/or via use of pre-recorded voice.

33. The collection calls were made to Plaintiff's cellular telephone.

34. Plaintiff sought out and retained an attorney to represent him with regards to the debts allegedly owed to Defendant BANA.

35. On December 8, 2020, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter to Defendant NES, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that Plaintiff had retained Counsel, and that NES needed to cease calling Plaintiff pursuant to the RFDCPA ("December 8, 2020, letter"). The December 8, 2020, letter referenced the last four digits of Plaintiff's social

security number next to his name to help Defendant NES identify Plaintiff's account.

36. Said letter clearly informed NES that Plaintiff was represented by Counsel, thus the letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

37. Despite NES receiving receipt of the Plaintiff's Attorney's December 8, 2020, letter, Defendant NES continued to willfully call Plaintiff's cellular telephone and request payments using an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every single day.

38. On at least two (2) occasions after receipt of the December 8, 2020, letter, Plaintiff picked up and spoke to agents for NES wherein he informed them that he had retained Counsel and instructed them to cease all contact with him.

39. On December 22, 2020, Counsel for Plaintiff drafted a second letter, this time including in bold on the first line stating: "*******2nd ATTEMPT PLEASE DO NOT DISCARD******" wherein Plaintiff's Attorney again stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that Plaintiff had retained Counsel, and that NES needed to cease calling Plaintiff pursuant to the RFDCPA ("December 22, 2020 NES Letter").  The December 22, 2020, NES Letter referenced the last four digits of Plaintiff's social security number next to his name to help Defendant NES identify Plaintiff's account.

40. On December 22, 2020, Counsel for Plaintiff sent the December 22, 2020, NES Letter to NES via facsimile at (330) 963-0210.

41. Defendant NES received the December 22, 2020, NES Letter via facsimile.
42. Additionally, on December 22, 2020, Plaintiff's Counsel mailed a third letter to Defendant BANA which referenced its agent NES's collection on the Credit Account ("December 22, 2020, BANA Letter"). The December 22, 2020, BANA Letter stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that Plaintiff had retained Counsel, and that BANA and any of its agents needed to cease calling Plaintiff pursuant to the RFDCPA. The December 22, 2020, BANA Letter referenced the last four digits of Plaintiff's social security number next to his name to help Defendant BANA identify Plaintiff's account.
43. Despite receipt of the December 8, 2020, letter and the December 22, 2020 NES Letter, as well as the oral notices from Plaintiff that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the Credit Account, representatives of NES continued to call Plaintiff more than ninety (90) times since December 8, 2020, on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.
44. Defendant NES called Plaintiff over ninety (90) times in total, after receipt in writing and orally of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to BANA or serviced by NES, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.
45. Further, Plaintiff spoke to agents for Defendant NES on more than one occasion and stated that they should not be calling him on his cellular telephone and reiterated that he had retained Counsel who had sent a cease-and-desist letter to NES.
46. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice. Despite said oral

revocation, agents for the NES continued to call Plaintiff using an ATDS and/or Recorded Voice.

47. Despite having received Plaintiff's December 8, 2020, and December 22, 2020, letters sent to Defendant NES's address for correspondences, NES's agents continued to call Plaintiff through January 29, 2021, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

48. Defendant NES, or its agents or representatives, contacted Plaintiff on his cellular telephone over ninety (90) times since December 8, 2020, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

49. Many of Defendant NES's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

50. The multiple calls made by NES or its agents after December 8, 2020, were therefore made in violation of 47 U.S.C. § 227(b)(1).

51. Despite receipt of Plaintiff's December 8, 2020, letter sent to Defendant' NES's mailing address, and verbal notice from Plaintiff to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant NES continued to call Plaintiff at least ninety (90) times.

52. The actions taken by Defendant NES alleged herein were made as the agent(s) and/or sub-agent(s) of Defendant BANA, and all acts were committed in the scope of the agent(s) and/or sub-agent(s) employment and in furtherance of Defendants BANA's interests.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations Of the Fair Debt Collection Practices Act

### (15 U.S.C. § 1692 e*t seq*.)

[AS TO ALL DEFENDANTS]

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

54. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

55. When Plaintiff's Counsel sent the December 8, 2020, cease-and-desist letter to Defendant NES, Defendant NES was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

56. When Plaintiff's Counsel sent the December 8, 2020, cease-and-desist letter to Defendant NES, Defendant BANA was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney.

57. When Plaintiff orally stated to representatives for Defendant NES that he was represented by Counsel, NES was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to Defendant BANA and/or serviced by Defendant NES.

58. When Plaintiff orally stated to representatives for Defendant NES that he was represented by Counsel, Defendant BANA was constructively aware, or

reasonably should have been constructively aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to Defendant BANA and/or serviced by Defendant NES.

59. When Plaintiff's Counsel sent the December 22, 2020, NES Letter to Defendant NES, Defendant NES was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

60. When Plaintiff's Counsel sent the December 22, 2020, NES Letter to Defendant NES, Defendant BANA was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney.

61. When Plaintiff's Counsel sent the December 22, 2020 BANA Letter to Defendant BANA, BANA was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to Defendant BANA and/or serviced by Defendant NES.

62. By calling Plaintiff on his cellular phone over ninety (90) times after receipt of the December 8, 2020, Letter from Plaintiff's Counsel, Defendant NES violated 15 U.S.C. § 1692d(5).

63. By calling Plaintiff on his cellular phone after receipt of the December 22, 2020, NES Letter from Plaintiff's Counsel, Defendant NES violated 15 U.S.C. § 1692d(5).

64. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

65. As a direct and proximate result of Defendants NES' violations of 15 U.S.C. §1692 *et. seq.*, Plaintiff suffered emotional distress.

66. The actions taken by Defendant NES alleged herein were made as the agent(s) of Defendant BANA and were committed in the scope of the agency relationship and in furtherance of the principal, Defendants BANA's interests.  As such,

1  Defendant BANA is constructively liable for its agent's violations of 15 U.S.C.
2  §1692 *et. seq.*
3  67. As a result of the constant collection calls by Defendant NES on behalf of
   Defendant BANA, Plaintiff has experienced anxiety, irritability, and has at times
   been unable to calm down as the constant and harassing collection calls by
   Defendan NES are overwhelming.  Therefore, Plaintiff has suffered emotional
   distress as a result of Defendants' violations of 15 U.S.C. §1692 *et. seq.*

## II.
## SECOND CAUSE OF ACTION
**Violations of California Rosenthal Fair Debt Collection Practices Act**
**(California Civil Code § 1788 *et. seq.*)**
[AS TO ALL DEFENDANTS]

68. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

69. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

70. When Plaintiff's Counsel sent the December 8, 2020, cease-and-desist letter to Defendant NES, Defendant NES was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

71. When Plaintiff's Counsel sent the December 8, 2020, cease-and-desist letter to

Defendant NES, Defendant BANA was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney.

72. When Plaintiff orally stated to representatives for Defendant NES that he was represented by Counsel, NES was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to Defendant BANA and/or serviced by Defendant NES.

73. When Plaintiff orally stated to representatives for Defendant NES that he was represented by Counsel, Defendant BANA was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to Defendant BANA and/or serviced by Defendant NES.

74. When Plaintiff's Counsel sent the December 22, 2020, NES Letter to Defendant NES, Defendant NES was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

75. When Plaintiff's Counsel sent the December 22, 2020, NES Letter to Defendant NES, Defendant BANA was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney.

76. When Plaintiff's Counsel sent the December 22, 2020, BANA Letter to Defendant BANA, BANA was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to Defendant BANA and/or serviced by Defendant NES.

77. By calling Plaintiff on his cellular phone over ninety (90) times after receipt of the December 8, 2020, Letter from Plaintiff's Counsel, Defendant NES violated Cal. Civ. Code §1788.14(c).

78. By calling Plaintiff on his cellular phone after receipt of the December 22, 2020, NES Letter from Plaintiff's Counsel, Defendant NES violated Cal. Civ. Code §1788.14(c).

79. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

80. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

81. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

82. Therefore, Defendant's acts of calling Plaintiff over ninety (90) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

83. The actions taken by Defendant NES alleged herein were made as the agents of Defendant BANA and were committed in the scope of the agency relationship and in furtherance of the principal, Defendant BANA's interests.  As such, Defendant BANA is constructively liable for its agent's violations of Cal. Civ. C. § 1788 *et. seq*.

84. As a result of the constant collection calls by Defendant NES on behalf of Defendant BANA, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendan NES are overwhelming.  Therefore, Plaintiff has suffered emotional distress as a result of Defendants' violations of Cal. Civ. C. § 1788 *et. seq*.

85. The foregoing acts and omissions constitute numerous and multiple violations of

the RFDCPA.

## III.
## THIRD CAUSE OF ACTION
### Negligent Violations of the TCPA
### (47 U.S.C. § 227 et. seq.)
[AS TO DEFENDANT NES ONLY]

86. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

87. Through the two Letters sent by Plaintiff's Counsel to Defendant NES, and orally, Plaintiff revoked any alleged consent for Defendant NES or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

88. The foregoing acts and omissions of Defendant NES constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

89. As a result of Defendant NES's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

90. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## IV.
## FOURTH CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 et. seq.)
[AS TO DEFENDANT NES ONLY]

91. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

92. Through the two Letters sent by Plaintiff's Counsel to Defendant NES, and orally,

- 16 -

1     Plaintiff revoked any alleged consent for Defendant NES or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

93. The foregoing acts of Defendant NES constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

94. Therefore, since Defendant NES or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, Defendant NES's acts were willful.

95. As a result of Defendant NES's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each one of NES's over ninety (90) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

96. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

AS TO ALL DEFENDANTS:

a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs

1     pursuant to 15 U.S.C. § 1692k(a)(3).

2 d. As to the Second Cause of Action, an award of actual damages pursuant to Cal.
3     Civ. Code §1788.30(a) according to proof.

4 e. As to the Second Cause of Action, an award of statutory damages of $1,000.00
5     pursuant to Cal. Civ. Code §1788.30(b).

6 f. As to the Second Cause of Action, an award of reasonable attorney's fees and
7     costs pursuant to Cal. Civ. Code §1788.30(c).

8

9 AS TO DEFENDANT NES ONLY:

10 g. As to the Third Cause of Action, $500 in statutory damages for each and every
11     one of Defendant's over ninety (90) negligent violations of 47 U.S.C. §227(b)(1),
12     pursuant to 47 U.S.C. § 227(b)(3)(B).

13 h. As to the Third Cause of Action, injunctive relief prohibiting such conduct in the
14     future pursuant to 47 U.S.C. § 227(b)(3)(A);

15 i. As to the Third Cause of Action, $1,500.00 in statutory damages for each and
16     every one of Defendant's over ninety (90) knowing and/or willful violations of 47
17     U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

18 j. For such other and further relief as the Court may deem just and proper.

19

20

21 Dated: November 3, 2021,        By:   BLC LAW CENTER, APC

22                                   *s/ Ahren A. Tiller*
                                   Ahren A. Tiller, Esq.
23                                    Attorney for Plaintiff
                                   AARON GAINES
24                                    Email: ahren.tiller@blc-sd.com

25

26

27

28

| | |
|---|---|
| 1 | |

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: November 3, 2021,   By:   BLC LAW CENTER, APC

<span style="margin-left: 12em;">*s/ Ahren A. Tiller*<br>Ahren A. Tiller, Esq.<br>Attorney for Plaintiff<br>AARON GAINES<br>Email: ahren.tiller@blc-sd.com</span>

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: November 3, 2021,   By:   BLC LAW CENTER, APC

*s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
Attorney for Plaintiff
AARON GAINES
Email: ahren.tiller@blc-sd.com